The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE, WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: CR24-00164 JNW |
| Plaintiff, | ) ) | |
| vs. | ) ) | DEFENDANT MICHAEL YOUNG'S SENTENCING MEMO |
| MICHAEL YOUNG, | ) ) | |
| Defendant. | ) | **Hearing: November 20, 2025 at 2:00 PM** |
| | ) ) | |
| _____ | ) | |

DEFENDANT MICHAEL YOUNG submits this sentencing memorandum in anticipation of his sentencing for the crime of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count 1), as charged in the Indictment, the First Superseding Indictment and the Second Superseding Indictment. Mr. Young was originally charged on September 25, 2024, with a Superseding Indictment filed on October 10, 2024 and a Second Superseding Indictment returned on April 23, 2025.

Mr. Young appeared for his initial appearance on October 2, 2024, and was remanded to custody pending his detention hearing, held on October 8, 2024. Mr. Young was ordered detained at his detention hearing and has been in custody since that time.

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA 98127
(206) 799-2797

Mr. Young is the first defendant in this case to resolve his case with a guilty plea. On July 7, 2025, he pled to a lesser included offense of the charged offense, which carries a mandatory minimum sentence of 60 months in custody. While there are co-defendants who have resolved their cases by admission to either the DREAM or PATHWAY programs, Mr. Young is the only defendant in this case thus far to take accountability by entering a guilty plea.

## I.    DEFENSE SENTENCING RECOMMENDATION

The defense respectfully requests that this Court make the following findings, listed below, and impose the mandatory minimum term of incarceration of sixty (60) months, with 4 years of supervision to follow. The defense respectfully requests that the Court not impose a fine in this case, other than the mandatory special assessment of $100.

Requested Findings:

- Mr. Young's base offense level is 36, pursuant to USSG section 2D1.1, given the drug quantities agreed to in the plea agreement he entered into in his case;

- Mr. Young should receive a reduction of 3 points (USSG §3E1.1) for his timely and complete acceptance of responsibility;

- Mr. Young should not receive any adjustment for his role in the offense and should be found to be an average participant in the offense[1];

- Mr. Young's total offense level is 33;

- Mr. Young is in criminal history category I;

---

[1] The defense anticipates that the government will argue for a leadership enhancement. The defense joins Probation in taking the position that Mr. Young's conduct does not exceed the involvement of an average participant. This will be addressed in more detail later in this memo, at Section III E, which discusses Mr. Young's role offense conduct in this case and why a leadership enhancement is not appropriate in this case.

SENTENCING MEMORANDUM OF DEFENDANT
MICHAEL YOUNG- 2

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

- Mr. Young's advisory sentencing range is 135-168 months on his offense of conviction;

- The mandatory minimum sentence of 60 months, with four years of supervision to follow[2] on his offense of conviction, is sufficient but not more than necessary to punish Mr. Young and serve the other objectives of sentencing, and is the appropriate sentence, after consideration of all of the factors set forth in 18 U.S.C. §3553(a).

## II.    GUIDELINE RANGE

A.    Offense Level:

| | |
|---|---|
| Base Level for violation of 21 U.S.C. §§ 841 under USSG §2D1.1 | 36 |
| Acceptance of Responsibility under USSG §3E1.1 | -3 |
| Total Offense Level | 33 |

B.    Criminal History Category:                                    I

C.    Standard Range:                                    135-168 months

## III.    INFORMATION ABOUT MICHAEL YOUNG AND THE OFFENSE

A.    General Personal Background

Mr. Young is a soft-spoken, sensitive person who made it clear early in this case that he did not want to "play games" or to fight the case when he knew he had committed the offense.  Instead, after giving his attorney time to review discovery and understand the evidence against him, Mr. Young made it known to his attorney that he wished to resolve his case with a guilty plea.  Although Mr. Young has prior criminal history, none of it is recent, and Mr. Young has expressed several times that he is too old to be engaged in illegal

---

[2] Mr. Young has reviewed with his attorney all mandatory, standard and proposed special conditions of supervision and does not oppose imposition of those conditions of supervision.

SENTENCING MEMORANDUM OF DEFENDANT
MICHAEL YOUNG- 3

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

conduct and that he is angry with himself for his involvement in this case and deeply regrets his participation in the offense.

Mr. Young was born in Seattle and grew up in Yakima. His parents ultimately split because of his mother's ongoing drug addiction issues. While living with his mother, Mr. Young was exposed to drugs. Mr. Young did not have a close relationship with his father until more recently. Now they are closer, and Mr. Young's father has been very involved in supporting him and communicating with defense counsel throughout this case. After Mr. Young's parents were divorced, he returned to Seattle and moved in with his paternal grandmother in the Rainier Beach neighborhood, and it was at this point in his life, as a young teenager that he began using, and then dealing, drugs. Although he makes no excuses for his conduct in this case, it is important to note that Mr. Young's mother and grandmother both passed away in 2020 and 2021, and that he feels that these losses and the unprocessed grief were a factor in his becoming re-involved in illegal activity. When the issue of these important family members passing came up with counsel, Mr. Young wept openly and appeared to be experiencing acute grief, even though the losses were suffered some time ago. This was the first indication to his counsel that there might be some mental health or emotional issues that needed attention.

Mr. Young has three children with three different women, none of whom he has been married to. He has a good relationship with the mothers of his oldest and youngest children. His children are extremely important to him, and he wishes to be a positive part of their lives. He is upset at himself for committing a serious crime that both takes him away from his children and does not allow him, at this moment, to be a positive role model for his

SENTENCING MEMORANDUM OF DEFENDANT
MICHAEL YOUNG- 4

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

children.  As is evident from his statement to the Court, provided at <u>Exhibit A</u>, Mr. Young is motivated to do better in his life so that he can be there for his children.

Mr. Young does have some prior criminal history, but it is not recent.  In imposing sentence in this case, the Court may decide to consider that Mr. Young's longest prior sentence served (in 2010) was a sentence of 18 months.

B.       <u>Forensic Evaluation</u>

Mr. Young underwent a forensic neuropsychological evaluation by Dr. Alan Breen in connection with this case.  That evaluation has been filed *under seal* as <u>Exhibit B</u> to this sentencing memorandum.  It is noteworthy that Dr. Breen found that Mr. Young suffers from both depression and anxiety in addition to substance abuse disorder.  Mr. Young has never had access to a mental health evaluation or treatment before this moment, so this case presents a unique opportunity for Mr. Young to address his previously undiagnosed and untreated mental health issues.  Mr. Young understands that this case has provided him with an opportunity to address his previously undiagnosed mental health issues.  The evaluation revealed that Mr. Young does have both the capacity and the motivation to engage in vocational training, improve his judgement and make better life decisions.  It is clear from his time at the Federal Detention Center that Mr. Young has made the most of the programs and resources made available to him and that he already sees a benefit to engaging in this education and programming.

C.       <u>Other Considerations</u>

Additional information that relates to Mr. Young's time at the Federal Detention Center should be considered by the Court in imposing sentence.  Because that information

SENTENCING MEMORANDUM OF DEFENDANT
MICHAEL YOUNG- 5

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

relates to personal medical information, this section of the Defense Sentencing Memorandum is filed *under seal*.

      D.    <u>The Offense Conduct</u>

The offense conduct that Mr. Young admitted to is contained in paragraph 7 of his plea agreement.  Although this conspiracy as a whole involved large amounts of various drugs, firearms, cash and the seizure of jewelry, it is important to note Mr. Young's limited role and conduct in this conspiracy.  Mr. Young attempted to send a package through Federal Express to Oklahoma with 70,000 fentanyl pills inside two protein powder containers inside the package.  Mr. Young's conduct also includes several conversations with a co-defendant in the case, referencing drugs.  Mr. Young is not alleged to have possessed any firearms, jewelry or any large quantity of cash in connection with this drug conspiracy.

      E.    <u>No Leadership Enhancement Should Be Applied</u>

The government bears the burden of proving by a preponderance of the evidence that the defendant should receive an aggravating role adjustment.[3]  The government is expected to argue for a leadership enhancement for Mr. Young, either because of his role in the charged drug conspiracy or because of the government's unsubstantiated belief that he was in a leadership role in another uncharged conspiracy.

---

[3] *See, e.g., U.S. v. Garcia-Sierra,* 994 F.3d 17, 37 (1st Cir. 2021)("To properly impose the upward adjustment, the sentencing court must be satisfied that a preponderance of the evidence supports the government's claim" and the government bears the burden); *See also, U.S. v. Lora-Andres,* 844 F.3d 781, 785 (8th Cir. 2016) and *U.S. v. Mack,* 808 F.3d 1074, 1085 (6th Cir. 2015).

SENTENCING MEMORANDUM OF DEFENDANT
MICHAEL YOUNG- 6

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

1.  <u>The Charged Conspiracy</u>

With respect to the charged conspiracy, a phone call from August 7, 2024 with a co-defendant (Session 139) was referenced in discussions with Probation about why a leadership enhancement was being considered for Mr. Young.  Given that Probation (and apparently the government) were looking to this call as a basis for evaluating Mr. Young's role, the defense did not want to simply rely on the summary of the call captured in the line sheet of Sesson 139.  The defense obtained a transcript of the call, provided at <u>Exhibit E</u> to this memorandum and filed *under seal*.  The full transcript of the call shows that Mr. Young is not in a leadership position in relation to the co-defendant he is speaking with.  Examples of this include:

- Young referring to the co-defendant "selling to me;" (p. 2);
- The co-defendant talking about "what he got" and "ain't got;" (p. 3);
- The co-defendant talking about how *he* is "trying to put something together…" (p. 4 – 5 and later at p. 9);

2.  <u>Separate Uncharged Conspiracy</u>

This same call was also cited as a basis for assuming that Mr. Young was part of a separate uncharged conspiracy and held a leadership role in that conspiracy.  While the call captured in the transcript of Session 139 does make reference to getting "weed" to Oklahoma for distribution, it does not suggest that Mr. Young had a "network of people" working for him to distribute drugs.  On the contrary, this call makes it clear Mr. Young was <u>not</u> regularly selling "weed" in Oklahoma and was contemplating doing so on his own and from a distance.  In fact, Mr. Young has never been to Oklahoma and this discussion of a possible weed deal in Oklahoma would have been his first instance of distributing any drugs in Oklahoma, prompted by an acquaintance moving from another state to Oklahoma-creating his one connection in Oklahoma.  Session 139 corroborates Mr. Young's contention that he did not have connections in Oklahoma who were distributing drugs for him:

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

○ Mr. Young indicated, "I've just been doing what I could do from a distance because I can't I don't have no—no steady guarantee, nobody who's playing ball with me." (p. 9);

○ In discussing with his co-defendant how the money gets back to him from sales in Oklahoma, Mr. Young indicated, "I eliminated a whole bunch of shit, so it's kinda me against he world. I'm doing this – It's just a one, maybe two-man army type shit." (p. 10);

○ This is consistent with his prior reference to a "partner" in the drug sales he was doing (p. 7)

### 3. Cases on Aggravating Role

The case law in the 9th Circuit regarding enhancements for an aggravating role in the offense are instructive. The cases in the 9th Circuit universally indicate that for any leadership enhancement to apply there needs to be an indication that the defendant exercised control over other participants in the criminal activity, whether that be through significant decision-making authority, being a central figure in planning, organizing and directing the scheme, or exercising a significant degree of control and authority over other participants. *See, U.S. v. Beltran*, 165 F.3d 1266, 1271 (9th Cir 1999), *as amended* (March 26, 1999).[4] Conversely, an enhancement is not warranted when there is no evidence in the record that a defendant exercised any control over others. *See, U.S. v. Harris*, (9th Cir. 2021, 19-30202). Facilitating a co-conspirator's involvement in the crime falls short of what the enhancement requires. *See, U.S. v. Harris, (9th Cir. 2021).* Even playing a "central role" in an offense and working with other participants as they commit the offense does not trigger the enhancement without a showing that defendant had "control over others." *See, U.S. v. Harris, (9th Cir. 2021)/*("Our precedent is clear that, without 'control over others' a suggestion is not leadership, facilitation is not leadership, and playing an important role is not leadership," *and U.S. v. Doe*, 778 F.3d 814, 825 (9th Cir. 2015).

---

[4] *See also, U.S. v. Kabir*, 51 F.4[th] 820, 826-28 (9th Cir. 2022); *U.S. v. Pimentel-Lopez*, 859 F.3d 1134, 1143-44 (9th Cir. 2017)("[E]ven a defendant with an important role in an offense cannot receive an enhancement unless there is also a showing that the defendant had control over others." (quoting *U.S. v. Whitney*, 673 F.3d965, 975 (9th Cir. 2021)).

SENTENCING MEMORANDUM OF DEFENDANT
MICHAEL YOUNG- 8

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

There also seems to be case law suggesting that the Court should make findings about who the other participants are that were managed or supervised by a defendant receiving an aggravating role enhancement. *See, U.S. v. Luca,* 183 F.3d 1018 (9th Cir. 1999)("USSG 3B1.1(a) cannot apply unless the district court identifies a participant over whom the defendant exercised managerial or organizational control."), *See also, U.S. v. Anderson*, 942 F.2d 615 (9th Cir. 1991). It is unclear who the government alleges the other participants were in the separate uncharged conspiracy that the government alleges Mr. Young participated in.

Finally, it is worth looking at cases discussing the enhancement for "five or more participants." USSG 3B1.1 defines a "participant" as a "person who is criminally responsible for commission of the offense…" This reinforces the need to know more about the people a defendant allegedly managed or supervised because there are many people who can be involved in crimes who are *not* considered "participants" under USSG 3B1.1. For example, undercover law enforcement officers are not considered "participants." USSG 3B1.1, comment (n.1). Unwitting people who are involved in a crime (for example, someone who unknowingly transports drugs that were placed by another in their vehicle) are not considered "participants" *See, U.S. v. Cyphers*, 130 F.3d 1361, 1363 (9th Cir. 1997). In addition, in a drug conspiracy context, courts have held that *end users* of controlled substances are not "participants" in distribution conspiracies. *See, U.S. v. Egge*, 223 F.3d 112, 1133-34 (9th Cir. 2000).

## IV. MR. YOUNG'S STATEMENT ABOUT HIS OFFENSE

Mr. Young's own statement about his offense is provided at <u>Exhibit A</u> to this memorandum. In his statement, Mr. Young takes full accountability for his actions and his decision to become involved in the conduct for which he will be sentenced. He expresses his disappointment and shame at not being "the man I know I can be." He discusses his participation in religious services as well as education and programming at the Federal Detention Center and how access to these activities has given him insight and helped him.

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA 98127
(206) 799-2797

He discusses how he is working toward becoming a licensed plumber so he can maintain stable and lawful employment once released.  He talks about his family and his devotion to his children, which is consistent with what he has always said to his defense counsel:  "I still have people who love me."

## V.    LETTERS SUBMITTED ON BEHALF OF MR. YOUNG

Letters written on behalf of Mr. Young are submitted as Exhibit F to this memorandum.  The letters describe Mr. Young's "kindness, good spirit" and that he is a "positive influence" who has "touched many lives over the years."  The letter from Rogina Adams talks about how Mr. Young is a "dependable" and "loyal" person who usually is "coming to the aid of others."  The letter talks about how Mr. Young is "eager to restart his life, work and go back home to his family."  These letters, along with others who have reached out to defense counsel about the case and Mr. Young's father, who has been in consistent contact with defense counsel, show that Mr. Young has a support system and people who will support him once he is released.

## VI.    SENTENCES IMPOSED IN CODEFENDANTS' CASES

Other than some co-defendants who have been admitted to the PATHWAY or DREAM programs, Mr. Young is the only defendant in this case to have resolved his case.  To the defense's knowledge, he is the only defendant in this case to have entered into a guilty plea and will be the first person in the case to be sentenced by this Court.

## VII.    BASIS FOR DEFENSE RECOMMENDATION

"The Guidelines are not only *not mandatory* on the sentencing courts; they are also not to be *presumed* reasonable*." Nelson v. U.S.*, 129 S.Ct. 890, 892, 2009 WL 160585 (Jan 26, 2009)(emphasis in original).  Rather, "the sentencing court must first calculate the

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. §3553(a), explaining any variance from the former with reference to the latter." Id. The Court's ultimate objective is to impose a sentence that is sufficient but not more than necessary to accomplish the reasonable objectives of sentencing. *See, Rita v. U.S.*, 551 U.S. 338 (2007).

The mandatory minimum sentence of 60 months and four years of supervised release in this case is sufficient, but not more than necessary to accomplish the objectives of sentencing. Mr. Young has presented some mitigating information about his background and untreated mental health challenges. He has been assessed by an expert to be someone who can grow and change, and he has shown the motivation to do so with the programming available at the Federal Detention Center. Mr. Young was the first person to plead guilty in this case because he wished to take accountability for his crime, despite the risk that being the first one to admit to being involved in a drug conspiracy always can involve a safety risk. A sentence of 60 months is a significant increase over any previous sentence Mr. Young has served and will achieve the objectives of both punishment and deterrence. Mr. Young agrees with the special conditions of supervision and sees the likelihood of court-ordered mental health and substance abuse treatment as an opportunity rather than a burden.

VIII.    CONCLUSION

Given the information presented about Mr. Young's upbringing, his role in the offense, his acceptance of responsibility, his substance abuse issues, his medical issues that remain untreated within the Bureau of Prisons, his untreated mental health challenges, and other information presented *under seal*, the defense respectfully requests that this Court impose a total sentence of 60 months with 4 years of supervised release. Even the

SENTENCING MEMORANDUM OF DEFENDANT
MICHAEL YOUNG- 11

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

mandatory minimum sentence in this case is a significant sentence and one that is

exponentially longer than any sentence Mr. Young has ever served.  A sentence of 60

months is sufficient, but not more than necessary to punish Mr. Young and to deter future

conduct of this nature.

Respectfully submitted this 10th day of November, 2025.

*Jennifer Horwitz*
_____
Jennifer Horwitz WSBA#23695
Attorney for MICHAEL YOUNG
Law Office of Jennifer Horwitz, PLLC
P.O. Box 70859
Seattle, WA  98127
Telephone: (206) 799-2797
E-mail: jennifer@jenniferhorwitzlaw.com

SENTENCING MEMORANDUM OF DEFENDANT
MICHAEL YOUNG- 12

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797